**NOT FOR PRINTED PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| HOYA CORPORATION, VISION CARE DIVISION, § § § *Plaintiff*, § § v. § GERALD W. BOTTERO, § § *Defendant*. § | § § § § § § § § § § § | CASE NO. 4:13-CV-698 |

**ORDER ADOPTING REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

On May 5, 2014, the United States Magistrate Judge issued its report and recommendation [Doc. #36], this matter having been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. The Magistrate Judge recommended that Defendant's Fed. R. Civ. P. 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction [Doc. #6] be granted, and this case be dismissed without prejudice.

On May 19, 2014, Hoya filed its objections to the report and recommendation [Doc. #39]. On June 5, 2014, Bottero filed his response to the objections [Doc. #40]. In the report and recommendation, the Magistrate Judge found that the court lacked both general and specific personal jurisdiction over Defendant Gerald W. Bottero, because he did not have sufficient contacts with Texas to support the exercise of jurisdiction.

Hoya first objects stating that the Magistrate Judge failed to consider the plaintiff's primary relief requested by Hoya--the declaratory judgment relief regarding the offer letter--in the Magistrate Judge's analysis of specific personal jurisdiction. Hoya contends that the primary

1

relief it is seeking is a declaration from the court that Bottero is not owed any bonus under the offer letter in question. Hoya asserts that the Magistrate Judge addressed only its breach of contract claim. This is incorrect. The Magistrate Judge considered both causes of action in the report and recommendation [*See* Doc. #36 at 2 ("seeking declaratory relief"); 4 ("causes of action")]. Further, as Bottero notes, these causes of action are intertwined. The breach of contract allegations are that Bottero's bonus is set at the discretion of Hoya, so Bottero breached the contract by suing to collect the bonus. The declaratory judgment relief requests a declaration that Bottero is not entitled to a bonus because the bonus is set at the discretion of Hoya. The jurisdictional facts that the Magistrate Judge considered when addressing specific jurisdiction apply equally to both causes of action. For example, the Magistrate Judge notes the following:

> The "Offer Letter" in question was not negotiated in Texas, was not executed in Texas, and does not call for performance in Texas. Under the terms of the "Offer Letter," Bottero's place of employment was the Netherlands. Bottero was paid in California under the terms of the "Offer Letter."

[Doc. #36 at 7]. Further, although Hoya contends that North American operations are headquartered in Texas, which account for a significant percentage of Hoya's total sales, and the bonus depends on the success of the Texas-based operations, it is also true that Texas accounts for, at most, 5% of the performance measures in the disputed bonus, which is based on a worldwide scale. The Magistrate Judge found, and the court agrees, that this is not sufficient to allow this court to exercise specific jurisdiction over this action. Hoya's objection is overruled.

Hoya also objects to the finding of the Magistrate Judge that there are no sufficient contacts to confer specific jurisdiction over Bottero, arguing that Bottero accepted a position that required him to direct an entire office of employees in Texas, including: (1) ordering employees in Texas to carry out specific tasks and duties in Texas; (2) communicating on a daily basis with the Texas company and its employees; and (3) traveling to Texas to oversee his division and

2

employees [Doc. #39 at 3]. However, the Magistrate Judge addressed these facts in the report and recommendation, finding that Bottero's work primarily occurred overseas, and he had only been to Texas a handful of times. His telephone calls and e-mails are forwarded to him from Texas, and although he does manage the employees in Texas, he does this from abroad. These contacts are not sufficient to show that Bottero purposefully directed his activities at residents of the forum, and that the cause of action arises from those activities. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-73 (1985). Nor are Bottero's limited Texas-based activities related to the breach of contract or declaratory judgment causes of action asserted by Hoya in this litigation. Hoya's objection is overruled.

Hoya also objects to the finding of the Magistrate Judge regarding general jurisdiction, and contends that Bottero's contacts with Texas were continuous and systematic. In order to establish general jurisdiction, Hoya must show that Bottero's contacts were "substantial… continuous, and systematic." *Alpine View Co. Ltd. v. Atlas Copco AB*, 205 F.3d 208, 217 (5th Cir. 2000) (citation omitted). The Magistrate Judge found that Bottero's contacts were not substantial, continuous, or systematic. Hoya offers no new information, and continues to argue that Bottero's connections with Texas are both continuous and systematic because Bottero manages an office of employees in Texas. This is not sufficient to establish that general personal jurisdiction over Bottero is appropriate. *See Dickson Marine, Inc. v. Panalpina, Inc.,* 179 F.3d 331, 337-38 (5th Cir. 1999); *Wilson v. Belin*, 20 F.3d 644, 650 (1994) (finding that an individual who carried malpractice insurance through a Texas firm for less than a year, performed approximately one legal project per year in Texas, gave a legal seminar in Texas, and served in a limited capacity as a pro bono consultant to a historical society in Texas, traveled to Texas twice, wrote a letter to the editor that appeared in a Texas newspaper, and gave a few interviews to

Texas reporters over the years was not subject to general personal jurisdiction in Texas). Hoya's objection is overruled.

Even had Hoya carried its burden of establishing sufficient contacts for the exercise of specific or general jurisdiction, the court concludes that the exercise of that jurisdiction would not comport with traditional notions of fair play and substantial justice. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). In this analysis, a court may evaluate such factors as: "(1) the burden on the nonresident defendant; (2) the interests of the forum state; (3) the plaintiff's interest in obtaining relief; (4) the interstate judicial system's interest in the most efficient resolution of controversies; and (5) the shared interests of the several states in furthering fundamental social policies." *Seiferth v. Helicopteros Atuneros, Inc*., 472 F.3d 266, 276 (5th Cir. 2006). In this case, the burden on Bottero would be substantial, since he lives abroad and has no reason to anticipate being haled into a Texas court for a determination of a contract dispute with Hoya, his employer. Hoya is a Japanese corporation based in Japan. In addition, Bottero's United States residence is located in California. Further, the State of Texas has no interest in the contract dispute in this case. The contract or "Offer Letter" in question was not negotiated in Texas, was not executed in Texas, and does not call for performance in Texas. According to the "Offer Letter," Bottero's place of employment was the Netherlands, and Bottero was paid in California pursuant to the terms of the letter. Further, Bottero has already filed a lawsuit in California state court alleging that he was owed a multi-million dollar bonus under the terms of the "Offer Letter" that he was never paid. It seems that in the interest of the most efficient resolution of controversies the dispute now in this court is more appropriately considered in California, in connection with the suit pending there between the same parties over the same contract and sequence of events. The exercise of jurisdiction would not comport with traditional

notions of fair play and substantial justice, even if Hoya had established sufficient minimum contacts.

The court has conducted a *de novo* review of the objections in relation to the pleadings and applicable law. After careful consideration, the court concludes Hoya's objections are without merit and are, therefore, overruled.

It is therefore **ORDERED** that the Report and Recommendation of United States Magistrate Judge [Doc. #36] is hereby adopted, and Defendant's Fed. R. Civ. P. 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction [Doc. #6] is **GRANTED.** This case is dismissed without prejudice for lack of jurisdiction.

All relief not previously granted is **DENIED**.

The Clerk is directed to **CLOSE** this civil action.

So **ORDERED** and **SIGNED** this **25** day of **July, 2014.**

_____
Ron Clark, United States District Judge